IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                          Case Nos.:   4:06cr22/RH/GRJ
                                                          4:14cv128/RH/GRJ
REGINALD JEROME CHANDLER

---

### REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's "Petition to Vacate and Correct Presentencing Investigation Report ("PSR") Pursuant to (FRCP) Federal Rules of Criminal Procedure: Rule 32 et al." (Doc.86.)  Although styled as such, from the content of the motion and the relief requested, it is clear that Defendant's motion is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] (*See* Doc. 86 at 6.)  Defendant failed to fill out properly the court-approved form for use in section 2255 cases in accordance with Local Rule 5.1(J) for the Northern District of Florida.  He will not be required to amend, however, because the petition is due to be dismissed even if it had been filed on the proper form.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the

---

[1]Defendant cites Federal Rule of Criminal Procedure 32, Title 5 U.S.C. § 552a and Alleyne v. Untied States, 133 S.Ct. 1251 (2013), none of which entitle him to relief.

record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."   After a review of the records of this court and the related proceedings in the United States District Court for the Southern District of Florida, the Court concludes that amendment would be futile because Defendant's motion is untimely and it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant Chandler was convicted after a jury trial of unlawful transport of firearms and possession with intent to distribute marijuana. (Doc. 37.)  He was sentenced to a term of 188 months imprisonment on the firearm charge and a concurrent term of 120 months on the controlled substance charge. (Doc. 46.)   The Eleventh Circuit affirmed his conviction and sentence on November 26, 2007. (Doc. 82.)

In 2010, Chandler filed a petition for writ of habeas corpus in this court challenging his sentence (Case 4:10cv503/MP/CAS).  After the Government filed a response in which it conceded that Chandler was entitled to relief,[2] the case was transferred to the Southern District of Florida, where Defendant was confined. (Case 4:10cv503/MP/CAS, Docs. 17, 18.)  The Southern District issued a new order to show cause.  The Government responded, by opposing Defendant's petition, thus, retreating from the position previously taken. (S.D. Fla. Case 1:12cv23486, Doc. 28.)  Magistrate Judge White recommended dismissal of the petition, finding that Chandler had failed to

---

[2] The Government's initial response to Defendant's § 2241 motion is appended as an exhibit to the instant motion.

Case Nos.: 4:06cr22/RH/GRJ; 4:14cv128/RH/GRJ

demonstrate his entitlement to proceed under the "savings clause" of § 2241. Judge White concluded that Chandler had not shown that § 2255 was inadequate or ineffective, but rather he had "simply failed to timely seek relief" and thus relief under § 2241 was unavailable to him. (*See* Case 1:12cv23486, Doc. 33 at 6–7.) The district court adopted the recommendation and dismissed Chandler's § 2241 petition on May 30, 2013. (Case 1:12cv23486, Doc. 34.)

Defendant Chandler filed the instant motion pursuant to the prison mailbox rule[3] on February 26, 2014. (Doc. 86 at 6.) As discussed above, the motion is properly construed as arising under 28 U.S.C. § 2255. The motion is untimely.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing).

28 U.S.C. § 2255. The Eleventh Circuit entered its opinion affirming Defendant's convictions and sentences on November 26, 2007. (Doc. 82.) The record does not reflect that Defendant filed a petition for certiorari with the United States Supreme Court. As such his judgment of conviction became final on the date on which his time for filing such a petition expired (i.e., ninety days after the entry of court of appeals' judgment).[4] Clay v. United States, 537 U.S. 522, 525 (2003); Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002); Hill v. United States, 444 F. App'x 419 (11th Cir. 2011). Thus, Petitioner was required to file his § 2255 motion no later than February 24, 2008 in order to be timely. He did not do so and thus his motion is facially untimely.

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently,

---

[4] The issuance of the mandate, on December 26, 2007 (see Doc. 82), has no bearing on when the time expires for filing a petition for certiorari. Clay v. United States, 537 U.S. 522, 525 (2008).

Case Nos.: 4:06cr22/RH/GRJ; 4:14cv128/RH/GRJ

and (2) that some extraordinary circumstance stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999)).

Defendant offers no reason for his untimely filing. Notably, the district court in the Southern District of Florida based its dismissal of his § 2241 petition in large part upon Chandler's failure to timely seek § 2255 relief on the claims he raised. This case does not present the sort of "extraordinary circumstance" that warrants equitable tolling. Thus, Defendant's motion should be summarily denied as untimely.[5]

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a

---

[5] Without the need for significant discussion, the court also notes that even if his motion were not untimely, Defendant's challenge to the application of the ACCA to his case is not well taken. United States v. Harris, 608 F.3d 122 (11th Cir. 2010) is distinguishable, as the facts underlying Defendant's conviction for a sexual act with a child under 16 are not unknown and it was properly considered to be a qualifying offense. (*See* discussion in Case 1:12cv23486, doc. 28 at 10–12). Furthermore, to the extent Defendant seeks to rely on Alleyne v. United States, 133 S.Ct. 2151 (2013) even if Alleyne were applicable to the facts of Defendant's case, this case is not retroactively applicable on collateral review. *See, e.g.,* United States v. Harris, 741 F.3d 1245 (11th Cir. 2014); United States v. Redd, 735 F.3d 88 (2d Cir. 2013); In re Kemper, 735 F.3d 211 (5th Cir. 2013); In re Payne, 733 F.3d 1027, 1029–1030 (10th Cir. 2013).

Case Nos.: 4:06cr22/RH/GRJ; 4:14cv128/RH/GRJ

certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (Doc. 86) should be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 19th day of March, 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).