IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 4:06cr22-RH/GRJ
            4:14cv128-RH/GRJ

REGINALD JEROME CHANDLER,

    Defendant.

_____/

**ORDER APPOINTING AN ATTORNEY,
ADDRESSING THE MOTION TO CORRECT
THE PRESENTENCE REPORT, AND
<u>REQUIRING THE GOVERNMENT TO RESPOND</u>**

    A comprehensive set of procedures governs collateral attacks on federal convictions and sentences. The goal is to make relief available when appropriate but to eliminate unnecessary delay and repetition. Finality is a worthy goal.

    Most of the time the system works. In this case it has not. The defendant Reginald Jerome Chandler is serving an illegal sentence. And there may be nothing that can be done about it, unless the government chooses to set it right.

I

A grand jury indicted Mr. Chandler on two counts: possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (count one), and possessing marijuana with intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (count two). After a full and fair trial, a jury convicted Mr. Chandler on both counts. I sentenced him to 188 months in custody on count one and 120 months (the statutory maximum) concurrent on count two.

The first statute cited in count one, § 922(g)(1), prohibits a felon from possessing a firearm. The second cited statute, § 924(e)(1), is the armed career criminal statute; it applies when a felon possesses a firearm and has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." The maximum sentence under § 922(g)(1) is 10 years. The *minimum* sentence under § 924(e)(1) is 15 years, and the maximum is life. Mr. Chandler's 188-month sentence on count one was legal only if he was an armed career criminal under § 924(e)(1).

II

Mr. Chandler had six previous felony convictions. All were listed in the indictment. Four qualified as a "violent felony or serious drug offense" under the law of the circuit as it existed at the time of sentencing.

First, Mr. Chandler had been convicted in a Florida state court of sale of cocaine. This was and is a "serious drug offense." *See* 18 U.S.C. § 924(e)(2)(A)(ii) (defining "serious drug offense" to include a state drug offense with a maximum sentence of 10 years or more).

Second, Mr. Chandler had been convicted in a Florida state court of arson. Arson was and is a "violent felony." *See id*. § 924(e)(2)(B)(ii) (defining "violent felony" to include arson).

Third, Mr. Chandler had been convicted in a Florida state court of carrying a concealed weapon. This was a "violent felony" under the law of the circuit when Mr. Chandler was sentenced but not under the law of the circuit now. *Compare United States v. Hall*, 77 F.3d 398, 401 (11th Cir. 1996) (holding that carrying a concealed weapon is a violent felony), *with United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008) (holding that carrying a concealed weapon is *not* a violent felony under United States Sentencing Guidelines Manual § 4B1.1) *and United States v. Canty*, 570 F.3d 1251 (11th Cir. 2009) (reaching the same result under § 924(e)).

Fourth, Mr. Chandler had been convicted in a Florida state court of having sex with a person under age 16. This, too, was a "violent felony" under the law of the circuit when Mr. Chandler was sentenced but not under the law of the circuit now. *Compare United States v. Ivory*, 475 F.3d 1232 (11th Cir. 2007) (holding

that a sexual offense against a minor is a violent felony) *with United States v. Harris*, 608 F.3d 1222 (11th Cir. 2010) (holding to the contrary).

The Eleventh Circuit decisions that held these offenses not to be violent felonies—*Archer*, *Canty*, and *Harris*—all had their genesis in *Begay v. United States*, 554 U.S. 137 (2008), which held that driving under the influence is not a violent felony.

### III

In a series of decisions, the Eleventh Circuit has addressed the availability of relief from a sentence based on a change in the law, including a change in the definition of "violent felony" under § 924(e).  *See, e.g.*, *Canty*, 570 F.3d at 1255. Perhaps the one principle that the Eleventh Circuit has embraced most clearly is that relief is available, when properly sought, from a sentence that is illegal—that is, a sentence that exceeds the maximum sentence that can be imposed under the statute of conviction, properly construed.  *See Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th Cir. 2013).  But relief is not available when a prisoner's sentence exceeds only the advisory guideline range and not the statutory maximum sentence.  *See Spencer v. United States*, 773 F.3d 1132 (11th Cir. 2014) (en banc).

In *Bryant*, the defendant obtained relief by writ of habeas corpus under 28 U.S.C. § 2241 from a sentence that exceeded the 10-year statutory maximum for a

felon in possession; the excessive sentence had been imposed based on the later-rejected law of the circuit on the meaning of "violent felony" under § 924(e). *See id.* at 1291. A defendant may also raise this issue on a *first* motion for relief under 28 U.S.C. § 2255. *See Hunter v. United States*, 449 F. App'x 860 (11th Cir. 2011). Relief is not available, though, through a second or successive § 2255 motion; that is why relief is available under § 2241.

Mr. Chandler's circumstances closely track those in *Bryant* and *Hunter*. Mr. Chandler was sentenced to 188 months for possessing a firearm as a convicted felon. The maximum sentence for that offense, under the changed law of the circuit on the meaning of "violent felony," is 120 months. Mr. Chandler is serving an illegal sentence.

IV

The difficulty is that Mr. Chandler filed no timely § 2255 motion. His first attempt to obtain relief was a petition for a writ of habeas corpus under § 2241. Mr. Chandler filed the petition in this district. A § 2255 motion would automatically have come to me, but the § 2241 petition was randomly assigned to a different district judge, who transferred the petition to the Southern District of Florida, where Mr. Chandler was in custody. The Southern District denied the petition. Mr. Chandler did not appeal.

Mr. Chandler now has filed in this court not a petition under § 2241 or a motion for relief under 28 U.S.C. § 2255 but only a motion to vacate or correct the presentence report. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 87, and the objections, ECF No. 88.

The presentence report applied the law of the circuit as it existed at the time. But the presentence report is not the judgment. The probation officer who prepared the presentence report is not the sentencing judge. Vacating or correcting the presentence report will not affect the judgment or sentence. And while a motion to vacate or correct a presentence report is an imaginative approach to avoiding the statute of limitations and other procedural bars to relief, it is not an approach that is proper. Mr. Chandler is not entitled to relief on the motion to vacate or correct the presentence report. This order accepts the report and recommendation and denies the motion as presented.

V

The order also goes further. First, the order appoints an attorney for Mr. Chandler. Second, the order gives notice of my intent to deem Mr. Chandler's motion a second § 2241 petition. The order gives Mr. Chandler an opportunity to be heard on whether the motion should be treated that way. And the order requires the government to respond.

Venue over a § 2241 petition ordinarily lies only in the district of incarceration, not in the district of conviction. One might question whether that venue principle should be followed in a case like this one, where the petitioner challenges the conviction and sentence on grounds best addressed in the district of conviction. Indeed, when issues like these are raised under § 2255, venue lies *only* in the district of conviction. In any event, the government can waive a venue objection.

This order gives the government an opportunity to waive positions but should not be interpreted as a suggestion that the government should do so. The government supported the defendants in *Hunter* when they sought relief of this kind. But here the procedural posture is different. In any event, Mr. Chandler committed serious offenses and has a serious criminal record. The characterization of two of Mr. Chandler's prior offenses as violent crimes has changed, but the facts underlying those offenses have not. Absent the maximum 10-year sentence that now would apply to the firearm conviction, one could argue both sides of the question whether the 188-month sentence is fair. Still, Mr. Chandler is serving an illegal sentence. This order sets up a process by which the sentence can at least be addressed on all sides.

VI

For these reasons,

IT IS ORDERED:

1. The report and recommendation, ECF No. 87, is accepted.

2. The motion, ECF No. 86, to vacate and correct the presentence report is denied.

3. The Federal Public Defender Randolph P. Murrell is appointed as Mr. Chandler's attorney.

4. The motion to correct the presentence report will be reopened as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 unless Mr. Chandler files by June 12, 2015, an objection to treating the motion this way.  Unless otherwise ordered, the government must file a response to the petition by July 3, 2015.

SO ORDERED on May 14, 2015.

                                                                   s/Robert L. Hinkle
                                                                   United States District Judge