# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASES NO.  4:06cr22-RH/GRJ
                                                                                               4:14cv128-RH/GRJ

REGINALD JEROME CHANDLER,

      Defendant.

_____/

## ORDER GRANTING RELIEF UNDER § 2255

The defendant Reginald Jerome Chandler is serving a sentence as an armed career criminal under 18 U.S.C. § 924(e).  The sentence was proper under the law of the circuit at the time of sentencing.  But more recent Supreme Court decisions have changed the law.  The case is here on Mr. Chandler's first motion for relief under 28 U.S.C. § 2255.  The government does not oppose the motion.  This order grants relief.

I

A grand jury indicted Mr. Chandler on two counts: possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e) (count one), and possessing marijuana with intent to distribute it in violation of 21 U.S.C.

§ 841(a)(1) and (b)(1)(D) (count two).  After a full and fair trial, a jury convicted Mr. Chandler on both counts.  On September 8, 2006, I sentenced Mr. Chandler to 188 months in custody on count one and 120 months (the statutory maximum) concurrent on count two.

The first statute cited in count one, § 922(g), prohibits a felon from possessing a firearm.  The second cited statute, § 924(e), is the armed-career-criminal statute; it applies when a felon possesses a firearm and has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  The maximum sentence under § 922(g) is 10 years.  The *minimum* sentence under § 924(e) is 15 years, and the maximum is life.  Mr. Chandler's 188-month sentence was at the low end of the guideline range determined in light of the § 924(e) conviction; the range would have been substantially lower had Mr. Chandler not been sentenced under that statute.  More importantly, the 188-month sentence on count one was legal only if Mr. Chandler was an armed career criminal under § 924(e).

II

Mr. Chandler had six previous felony convictions.  All were listed in the indictment.  Four qualified as a "violent felony or serious drug offense" under the law of the circuit as it existed at the time of sentencing.

First, Mr. Chandler had been convicted in a Florida state court of sale of cocaine. This was and is a "serious drug offense." *See* 18 U.S.C. § 924(e)(2)(A)(ii) (defining "serious drug offense" to include a state drug offense with a maximum sentence of 10 years or more).

Second, Mr. Chandler had been convicted in a Florida state court of arson. Arson was and is a "violent felony." *See id*. § 924(e)(2)(B)(ii) (defining "violent felony" to include arson).

Third, Mr. Chandler had been convicted in a Florida state court of carrying a concealed weapon. This was a "violent felony" under the law of the circuit when Mr. Chandler was sentenced but not under the law of the circuit now. *Compare United States v. Hall*, 77 F.3d 398, 401 (11th Cir. 1996) (holding that carrying a concealed weapon is a violent felony), *with United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008) (holding that carrying a concealed weapon is *not* a violent felony under United States Sentencing Guidelines Manual § 4B1.1), *and United States v. Canty*, 570 F.3d 1251 (11th Cir. 2009) (reaching the same result under § 924(e)).

Fourth, Mr. Chandler had been convicted in a Florida state court of having sex with a person under age 16. This, too, was a "violent felony" under the law of the circuit when Mr. Chandler was sentenced but not under the law of the circuit now. *Compare United States v. Rutherford*, 175 F.3d 899 (11th Cir. 1999) (holding that a sexual offense against a minor is a violent felony under Guidelines

Manual § 4B1.1), *with United States v. Harris*, 608 F.3d 1222 (11th Cir. 2010) (holding that a sexual offense against a minor is *not* a violent felony under § 924(e)).

### III

Under § 924(e), offenses that qualify as a "violent felony" can be divided into three groups.

First, the term "violent felony" includes an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). For this purpose " 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). The offenses now at issue—carrying a concealed weapon and having sex with a minor—do not qualify, because using, attempting to use, or threatening to use "physical force" is not an element of the offenses.

Second, the term "violent felony" includes an offense that "is burglary, arson, or extortion, [or] involves use of explosives." § 924(e)(2)(B)(ii). The offenses now at issue are none of these.

Third, the statute says that the term "violent felony" includes an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* This language, ordinarily referred to as the statute's "residual

clause," was at issue in the Eleventh Circuit's initial decisions holding that carrying a concealed weapon or sex with a minor did, and in the circuit's later decisions holding that these offenses did not, constitute a "violent felony."

In *Begay v. United States*, 554 U.S. 137 (2008), the Supreme Court held that the residual clause did not extend to driving under the influence. In explaining the result, the Court read the residual clause much more narrowly than had the Eleventh Circuit in its earlier decisions, including those on carrying a concealed weapon and sex with a minor. But *Begay* did not itself address a concealed-weapon or sex-with-a-minor conviction; no Supreme Court decision recognized Mr. Chandler's right not to be treated as an armed career criminal based on these offenses until the Court held, in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause is unconstitutionally vague.

IV

Any effort by Mr. Chandler to challenge his treatment as a career offender at sentencing or on direct appeal would have been futile. By the time of sentencing, the Eleventh Circuit had squarely held, in *Hall* and *Rutherford*, that carrying a concealed weapon and having sex with a minor each qualified as a "violent felony." On direct appeal, Mr. Chandler's attorney filed a brief under *Anders v. California*, 386 U.S. 738 (1967). On November 26, 2007, the Eleventh Circuit agreed with the *Anders* brief and affirmed the judgment. The mandate issued on

December 26, 2007. At that time *Hall* and *Rutherford* were still the law of the circuit.

V

As set out above, *Canty* and *Harris* changed the law of the circuit, holding that the term "violent felony" as used in § 924(e) does not include carrying a concealed weapon or having sex with a minor. The result is that only two of Mr. Chandler's prior convictions qualify as § 924(e) predicate offenses. Mr. Chandler is not an armed career criminal. He is serving a sentence that exceeds the 10-year statutory maximum sentence for possession of a firearm by a convicted felon who is not an armed career criminal.

In *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th Cir. 2013), the Eleventh Circuit held that a change in the law on this very issue—on the meaning of the term "violent felony" in § 924(e)—is retroactively applicable on collateral review. And in *Mays v. United States*, -- F.3d --, 2016 WL 1211420, at *6 (11th Cir. Mar. 29, 2016), the Eleventh Circuit held that *Johnson* itself is retroactively applicable "on collateral review to prisoners seeking habeas relief for the first time." *See also In re Rivero*, 797 F.3d 986 (11th Cir. 2015) (stating in dictum that *Johnson* applies retroactively on first collateral review). The § 2255 motion that Mr. Chandler now has filed is his first, so *Johnson* applies retroactively, as recognized in *Bryant, Mays*, and *Rivero*.

VI

A one-year limitations period applies to § 2255 motions. Mr. Chandler's sentence became final much more than one year ago. But a new one-year limitations period opens on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized *by the Supreme Court* and made retroactively applicable to cases on collateral review." § 2255(f) (emphasis added).

The italicized term "by the Supreme Court" modifies only "newly recognized," not "made retroactively applicable"; had Congress meant to require a holding of retroactivity by the Supreme Court itself, Congress would have said so clearly, as it did in § 2255(h) and a related provision, § 2244(b)(2)(A). This would have been easy, requiring only the relocation of the words "by the Supreme Court," so that the new one-year period would open on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized ~~by the Supreme Court~~ and made retroactively applicable to cases on collateral review <u>by the Supreme Court</u>." Or, even more clearly, Congress could have ended with this language: "if the Supreme Court has both newly recognized that right and made it retroactively applicable on collateral review." Congress did not use these readily available formulations, choosing instead a

phrasing that indicates that the Supreme Court need only recognize the right, not hold it retroactively applicable.

So a new one-year limitations period opens when two things are both true: first, the claim must arise from a right newly recognized by the Supreme Court; and second, the right must be held retroactively applicable—by this court or any other—to cases on collateral review.

Mr. Chandler meets these requirements. Earlier Eleventh Circuit decisions reduced Mr. Chandler's armed-career-criminal predicate convictions from four to two. Those decisions did not reopen the limitations period because the Supreme Court had not signed on. *Johnson* changed this, as the government apparently acknowledges. The date when *Johnson* was issued was the date when the right at issue "was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f). The limitations period reopened on that date. The current motion is timely.

## VII

For these reasons, Mr. Chandler is entitled to relief. Accordingly,

IT IS ORDERED:

1. The § 2255 motion, ECF No. 98, is granted.

2. The judgment, ECF No. 46, is vacated in part.

3. The adjudication of guilt on count 1 is vacated.

4.  The adjudication of guilt on count 2 remains in place pending further order.

5.  The clerk must set a telephonic scheduling conference.

6.  The clerk must close Cases No. 4:16cv115.

SO ORDERED on April 15, 2016.

                                  s/Robert L. Hinkle
                                  United States District Judge